OPINION
{¶ 1} Plaintiff-appellant, Jennifer Henderson-Thomas, parent and natural guardian of Jordenn Watson, a minor, appeals from the January 22, 2003 decision and entry of the Franklin County Court of Common Pleas overruling appellant's motion for partial summary judgment and granting summary judgment in favor of defendant-appellee, Pacific Employers Insurance Company. For the reasons that follow, we affirm.
 {¶ 2} This uninsured/underinsured motorist case arises from an automobile accident that occurred on November 13, 1999. On that date, Albert Watson, the father of Jordenn Watson, was employed by Estes Express Lines as a dockworker. Watson was traveling North on Lockbourne Road in Franklin County in his 1997 Nissan Sentra when he was involved in an accident with a vehicle being operated by Ross Wilson. Jordenn Watson was a passenger in his father's Nissan Sentra at the time of the accident, and was severely injured. At the time of the accident, Albert Watson was not in the course and scope of his employment with Estes Express Lines. Appellee issued a business auto policy to Estes Express Lines, and pursuant to holdings of the Ohio Supreme Court inScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557, appellant pursued claims for uninsured/underinsured motorist benefits from appellee.
 {¶ 3} On February 15, 2002, appellant filed a motion for partial summary judgment on the issue of liability and, at the same time, appellee filed its motion for summary judgment. On January 22, 2003, the trial court entered its decision and entry overruling appellant's motion for partial summary judgment and granting appellee's motion for summary judgment. The trial court reasoned that under applicable conflict of laws analysis, Virginia law, not Ohio law, applied to the business auto policy in question. Furthermore, under Virginia law, Jordenn Watson was not an insured under the business auto policy, and was therefore not entitled to uninsured/underinsured motorist benefits.
 {¶ 4} Appellant filed her notice of appeal, and has assigned as error the following:
The trial court erred in granting the insurance company's motion for summary judgment after erroneously concluding that Virginia, not Ohio law applied to plaintiff-appellant's claim for underinsured motorist benefits provided by the business auto policy issued by the insurer.
 {¶ 5} On November 5, 2003, after briefing and oral argument of this matter had been completed, the Ohio Supreme Court decided Westfield Ins.Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. The Ohio Supreme Court's decision limited the holding of Scott-Pontzer and overruledEzawa. In pertinent part, the court held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Westfield, at paragraph two of the syllabus. Paragraph three of the syllabus reads, "[w]here a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured."
 {¶ 6} Here, the parties stipulated that Albert Watson was not in the course and scope of his employment with Estes Express Lines at the time of the accident. Accordingly, under either Ohio or Virginia law, Jordenn Watson is not an insured under appellee's policy and is not entitled to uninsured/underinsured motorist coverage under the policy.
 {¶ 7} Based on the foregoing, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, P.J., and BOWMAN, J., concur.